[Cite as *State v. Lewis*, 2012-Ohio-5114.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    12CA010146 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| YMARI LEWIS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    09CR077566 |

DECISION AND JOURNAL ENTRY

Dated: November 5, 2012

BELFANCE, Judge.

{¶1}   Defendant-Appellant Ymari Lewis appeals from the denial of his motion to suppress in the Lorain County Court of Common Pleas.  For the reasons set forth below, we reverse.

I.

{¶2}   The facts pertaining to the instant matter were previously recited in *State v. Davenport*, 9th Dist. No. 11CA010136, 2012-Ohio-4427.

> On January 12, 2009, around 1 p.m. in the afternoon, Byron Foxx, a trooper with the Ohio State Highway Patrol, stopped a vehicle with a California license plate for following too closely behind a tractor trailer.  [The driver of the vehicle was Mr. Lewis, and the passenger was Devon Davenport.]  The car was rented to Mr. Davenport's girlfriend, who was not present at the stop, but * * * [Mr.] Lewis, was identified on the rental agreement as an additional driver.  * * * Mr. Lewis told Trooper Fox that they were driving to Buffalo, New York. Trooper Foxx called a K–9 unit to walk around the vehicle and began running Mr. Lewis' and Mr. Davenport's New York driver's licenses. Trooper Foxx conducted computer checks and determined that neither Mr. Lewis nor Mr. Davenport had outstanding warrants.  He did not write a citation but instead issued a warning for the violation.  When Trooper Richard Menges arrived on the scene, the Defendants

were each placed in the back of one of the cruisers. Trooper Menges then walked K–9 Johnny around the vehicle. The dog alerted on the left, rear-door seam and a block of marijuana was found in the trunk of the vehicle.

*Id.* at ¶ 2.

{¶3} Mr. Lewis was indicted on February 18, 2009, for one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree, and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Mr. Lewis filed an initial motion to suppress, which was subsequently supplemented after the State requested a more specific statement. In his motion, Mr. Lewis asserted that the trooper lacked probable cause to stop the vehicle, that the trooper lacked reasonable articulable suspicion to detain the vehicle while waiting for the K-9 to arrive, that the State bears the burden of establishing that the K-9 was properly trained, and that Mr. Lewis was unlawfully interrogated by the trooper at the scene. The State filed a motion in opposition and the matter proceeded to a combined hearing on both Mr. Lewis' and Mr. Davenport's motion to suppress. The trial court denied the motion, concluding on the record that it found Trooper Foxx's testimony concerning the purpose of the stop to be credible and thereby concluding that Trooper Foxx had probable cause to stop the vehicle, that the dog sniff occurred subsequent to when the purpose of the stop should have been completed, and that Trooper Foxx had reasonable suspicion to prolong the stop to allow time to conduct the dog sniff of the vehicle. Mr. Lewis thereafter entered a no-contest plea and was sentenced to a total of three years of community control. Mr. Lewis filed a motion for a delayed appeal, which was granted. He raises a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED TO THE DETRIMENT OF LEWIS BY FINDING THAT THE OFFICERS IN THE CASE AT BAR HAD ESTABLISHED PROBABLE CAUSE THAT A CRIME HAD BEEN COMMITTED AND THEREFORE THAT THE OFFICERS WERE JUSTIFIED IN PROLONGING THE DETENTION OF LEWIS WHILE A DRUG INTERDICTION DOG ARRIVED AT THE SCENE.

{¶4}    Mr. Lewis asserts that the trial court erred in concluding that the troopers were justified in prolonging the stop and waiting for the K-9 to arrive.  We agree.

{¶5}    While Mr. Lewis is mistaken that the troopers needed probable cause to prolong the stop, we nonetheless agree that his argument has merit.  *See Davenport*, 2012-Ohio-4427, at ¶ 6.  As we stated in *Davenport*,

> [T]he detention of a stopped driver may continue beyond [the normal] time frame when additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop.  Such analysis encompasses the totality of the circumstances and th[us] a court may not evaluate in isolation each articulated reason for the stop.  The reasonable and articulable suspicion analysis is based on the collection of factors, not on the individual factors themselves.  Reasonable suspicion requires that an officer be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.  However, [a]n officer's reliance on a mere hunch is insufficient to justify a stop, or to expand the scope of a traffic stop.

(Internal quotations and citations omitted.)  *Id.*  This Court previously examined whether the troopers in the instant matter had reasonable suspicion to prolong the stop of this vehicle while waiting for the K-9 to arrive in *Davenport.*  The analysis set forth in *Davenport* is equally applicable to this matter.  *See id.* at ¶ 7-9.  In the instant matter, we likewise conclude that the troopers lacked reasonable suspicion to prolong the stop.  As we summarized in *Davenport*:

> [T]he constellation of factors present in this case does not create a reasonable suspicion that Mr. [Lewis] was engaged, or about to be engaged, in criminal activity.  Instead, this situation seems far from atypical or unusual.  Often people

rent cars when traveling. Further, it is not uncommon for people traveling under a tight deadline to have a messy vehicle, particularly when the people are running late. The inclusion of the facts that the car was from California, that the person who rented the car was not present, and that the Defendants said they were late for a court date, while perhaps not common, does not tip the scales, particularly in light of the fact that the additional driver on the rental agreement was the driver of the vehicle at the time of the stop.

*Id.* at ¶ 10.

**{¶6}** Accordingly, because the troopers lacked reasonable suspicion to prolong the stop, the trial court erred in failing to grant Mr. Lewis' motion to suppress. We sustain Mr. Lewis' assignment of error and remand the matter for proceedings consistent with this opinion.

III.

**{¶7}** In light of the foregoing, we sustain Mr. Lewis' assignment of error, reverse the decision of the Lorain County Court of Common Pleas, and remand the matter for proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.